UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01807-SVW-MAR | Date | March 9, 2026 |
|---|---|---|---|

| Title | *Bianca McKinney v. Louis Moore Bacon et al* |
|---|---|

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER DISMISSING, SUA SPONTE, PLAINTIFF'S COMPLAINT [1]

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."). The Court may also dismiss a complaint sua sponte for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ( "Something labeled a complaint but written ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Moreover, while pro se pleadings are interpreted liberally, they still must meet a minimum threshold that provides defendants sufficient notice of the allegations against them. *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01807-SVW-MAR | Date | March 9, 2026 |
|---|---|---|---|

| Title | *Bianca McKinney v. Louis Moore Bacon et al* |
|---|---|

Here, the pro se Plaintiff's complaint, even interpreted liberally, so fails to adhere to the requirements of conciseness and clarity that the Court finds it to be in violation of Federal Rule of Civil Procedure 8.

Accordingly, the Court DISMISSES the case without prejudice and with leave for Plaintiff to amend the complaint within 21 days to bring it into compliance with the requirements of Rule 8.

**IT IS SO ORDERED.**

:

Initials of Preparer    DTA